WM. McK. BURNS v. HENRY BURGETT, *et al.*

PRACTICE, SUPREME COURT; *Reviewing Alleged Errors; Record Should be Complete.* . Where neither the full proceedings of the court below, nor a "case-made," is brought to the supreme court, but only a mere bill of exceptions, the supreme court will not reverse the judgment of the court below on such bill, where the same omits much of the proceedings of the court below which might explain the supposed erroneous rulings contained in such bill, or which might show that none of said supposed erroneous rulings affected prejudicially any of the substantial rights of the plaintiff in error, even if some of said rulings might apparently seem to be erroneous.

*Error from Cloud District Court.*

BURGETT, as plaintiff, sued *Burns* and one Richard Coughlin. At the April Term 1875, he recovered judgment against *Burns* alone. *Burns* brings the case here, joining *Burgett* and Coughlin as co-defendants in this court.

*Strain & Sturges,* for plaintiff in error.

*L. J. Crans,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error, who was one of the defendants below, does not file with his petition in error a full copy of all the proceedings had in the court below, nor does he file a copy of a case-made for the supreme court; but he files merely a copy of a certain bill of exceptions. This bill of exceptions contains a copy of the second count of the petition of the plaintiff below, Henry Burgett, who is now one of the defendants in error. But how many other counts there were in said petition, or what any of said other

counts contained, is not shown. Said bill of exceptions also shows that the defendant below, Burns, demurred to said second count of the plaintiff's petition; that said demurrer was overruled; and that the defendant then answered to said second count by filing a general denial thereto. But whether he answered to any of the other counts of the plaintiff's petition, or what defenses he may have set up thereto, if he set up any, is not shown. Said bill of exceptions also shows what evidence was introduced and offered to be introduced to prove and disprove said second count of the plaintiff's petition, and how much of such evidence was excluded, and how much of the same was stricken out. But how much other evidence was introduced, or offered, or excluded, or stricken out, is not shown. Said bill of exceptions also shows that the court below gave the following instruction to the jury, to-wit: "You are instructed that you must give the plaintiff credit for the two-hundred-dollar order in dispute, *if you find payment has been demanded* of him said defendant by said plaintiff." But what other instructions the court gave, or refused, is not shown. Said instruction had reference to said second count. The bill of exceptions also shows that the jury found the following verdict, to-wit: "We the jury find for the plaintiff, and that there is due from Wm. McK. Burns to Henry Burgett the sum of $218." But whether the jury found that any *demand* had ever been made for the payment of said $200 order, or whether the jury gave any credit to the plaintiff on said $200 order, is not shown. This verdict may have had no reference whatever to said second count of the plaintiff's petition. The jury may have given the plaintiff this verdict for $218 on some of the other counts of said petition. The plaintiff may have been entitled to such a verdict on some of the other counts, and on the pleadings, without the introduction of any evidence whatever on his part; or, the evidence not brought to this court may have shown clearly and beyond all doubt that the plaintiff was entitled to such verdict on some of the counts not brought to this court. Now if the verdict and judgment were rendered

upon the pleadings, or upon the pleadings and evidence not incorporated in said bill of exceptions, then it is wholly immaterial whether the court below committed any error or not in its rulings with reference to said second count of the plaintiff's petition. Even if the court below erred in overruling said demurrer, and in permitting the plaintiff's said evidence to go to the jury, and in excluding the defendant's said evidence, and in striking out said evidence, and in giving said instruction to the jury, and in overruling the defendant's motion for a new trial based upon these supposed errors, still, if said verdict and judgment were founded upon any of the counts of the plaintiff's petition other than said second count, then all of such supposed errors would be wholly immaterial and unsubstantial. And we cannot say from anything brought to this court that said verdict and said judgment were not founded upon some count or counts other than said second count.

As a rule, this court would not like to reverse a judgment upon a mere bill of exceptions; and certainly not where such bill omits much of the proceedings of the court below which might explain the supposed erroneous rulings contained in such bill, or might show that none of said supposed erroneous rulings affected prejudicially any of the substantial rights of the plaintiff in error. The office of a bill of exceptions is not to make a record of what would otherwise appear in the record, but it is only to make a record of such proceedings as would not otherwise appear in the record. These things which would otherwise appear in the record should be shown by such record only, by a case-made for the supreme court, and not by a bill of exceptions. A bill of exceptions is usually obtained upon a mere *ex parte* application, and is therefore not as likely to be correct, or to state matters as fairly, as the regular and ordinary record which (it must be presumed) is examined by both parties as the same is made up, or as a case-made for the supreme court which must be submitted to the opposite party before it is signed or settled. A bill of exceptions should therefore be confined to its legitimate pur-

pose of only stating matters which would not otherwise be incorporated into the record.

The judgment of the district court will be affirmed.

All the Justices concurring.