## William H. Marvel v. Charles White.

1. **PRACTICE**—*Motion to Dismiss—No Service of—Considered When.* A motion to dismiss proceedings in error, which raises a jurisdictional question, will be considered and determined; when the case is reached for final disposition, although the notice thereof required by rule 16 of this court has never been given.

2. **PETITION IN ERROR**—*Requisites of—Dismissal of Cause.* An alleged proceeding in error will be dismissed when the instrument claimed to answer the purpose of a petition in error is defective, in not being entitled "Petition in Error," failing to set forth the errors complained of and not containing any of the other essential allegations of such pleading.

*Error from the District Court of Oklahoma County.*

Motion to dismiss said cause on the ground that no petition in error has been filed in this court. Considered on said motion to dismiss. Motion sustained.

*Charles H. Eagin* and *Ransom & Bailey*, for plaintiff in error.

*Asp, Shartel & Cottingham*, for defendant in error.

The opinion of the court was delivered by

KEATON, J.: While this court declined to consider the motion to dismiss this cause at the time same was filed, viz., January 5, 1897, because no showing of the service of notice thereof was filed, as required by rule 16 of this court, yet, now, when said cause is reached for consideration on its merits, we feel compelled to determine the question raised by said motion, as it is one which questions the jurisdiction of this court. The motion, omitting the caption, is as follows: "Comes now

the defendant in error, Charles White, and moves the court to dismiss this cause for the reason that no petition in error is filed with the case-made in this cause, nor is any assignment of errors on file herein. Asp, Shartel & Cottingham, attorneys for defendant in error."

The first page of the record, or papers, filed in this court is the only portion thereof that could possibly have been intended for a petition in error. It reads as follows:

"In the Supreme Court of Oklahoma Territory.
"*William H. Marvel*, plaintiff in error, *v. Chas. White*, defendant in error.

"APPEAL OF DEFENDANT.

"Comes now the plaintiff in error, and appealing from the orders, judgments and proceedings of the district court of Oklahoma county, in said territory, in favor of the said plaintiff, prays the supreme court to reverse the decision and judgment of said district court, and to remand said cause for a new trial, because of the errors complained of in the assignments of error hereinafter contained in the case-made and attached to this petition in error.

Respectfully submitted,
CHAS. H. EAGIN,
RANSOM & BAILEY,
"Attorneys for Appellant and Plaintiff in Error."

The next page, (designated as page No. 1 of the case-made), begins as follows:

"In the Supreme Court of Oklahoma Territory.
"*William H. Marvel*, plaintiff in error, *v. Charles White*, defendant in error.

"CASE-MADE—STATEMENT OF CASE,"

Which is followed by a condensed statement of the material proceedings had in said cause in the court below; said statement, occupying all of said page and the first

47—V

half of the next, then comes the following alleged assignments of error, to-wit:

"ASSIGNMENTS OF ERROR.

"1.    The court erred in setting aside the order of continuance made in said cause on the 11th day of May, 1895, without first giving due notice of such action to the defendant.

"2.    The court erred in setting aside said order of continuance and in proceeding with the trial of said cause in the absence of the defendant and of his attorneys of record and without any notice to them or either of them.

"3.    The court erred in refusing to set aside and vacate the judgment rendered in said cause upon the motion, and showing made by defendant to vacate the same.

"4.    The court erred in calling said cause for trial and in trying and determining the same before the time for making the issues and in rendering judgment against the defendant on the showing made by plaintiff in said case, by the time fixed by law for joining issues could not be tried at said time.

"CHAS. H. EAGIN, RANSOM & BAILEY.

"Attorneys for Plaintiff.

The filing marks on said record are on the cover to the case-made and are as follows:    "Filed Dec. 13, '95. Edgar W. Jones, clerk."    "Filed in district court, Oklahoma county, O. T., Dec. 12, 1895.    W. H. Ebey, clerk, by T. A. Neal, deputy."

Our statute declares that "the proceedings to obtain such reversal shall be by petition to be entitled 'petition in error' filed in a court having power to make such reversal, vacation or modification, setting forth the errors complained of; and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action."    (Sec. 4439, Ok. Stat. 1893).    And

in § 4442 it is further declared "that in all actions here-after instituted by petition in error in the supreme court the plaintiff in error shall attach to and file with the petition in error the original case-made filed in the court below or a certified transcript of the record of said court."

Has the plaintiff in error sufficiently complied with the provisions of our statute to authorize us to hold that he has filed a petition in error herein? We are convinced that he has not. The instrument denominated "Appeal of defendant," and set out on the first page of the record filed in this court is, in our opinion, fatally defective as a petition in eror, in the following particulars:

1. It is not entitled "Petition in error."

2. It does not set forth the errors complained of.

3. Sufficient facts are not stated therein to entitle plaintiff in error to the relief prayed or to any relief whatever.

It is true that said instrument refers to certain assignments of error "contained in the case-made," but under the plain provisions of our statute it is clear that the errors complained of must be assigned in the petition in error itself to authorize a consideration thereof by this court and in no event can their incorporation in a case-made be held a sufficient compliance with the statute to warrant such consideration. It is not the purpose of a case-made to set out the errors complained of in a proceeding to reverse an order or judgment of the trial court, but to contain such of the proceedings of the court below as are necessrry to properly present said errors to this court.

"A party desiring to have any judgment or order of the district court, or a judge thereof, reversed by the

supreme court, may make a case containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the supreme court." (Sec. 4443, Ok. Stat. 1893).

"A petition in error, alleging that the judgment was for defendant in error when it ought to have been for plaintiff, without stating what errors had been committed, and by whom, is indefinite and does not 'set forth the errors complained of' as required by § 527 of the civil code." (*Brown v. Rhodes*, 1 Kan. 359).

"A petition for appeal, averring that there was manifest error in dismissing a bill, and rendering judgment for costs against petitioner, does not contain an assignment of error, as required by code, § 3464, providing that the petition for appeal shall assign errors." (*Orr v. Pennington*, [Va.], 24 S. E. 928).

Perhaps the mere failure to entitle the required pleading in this court a "petition in error" would not be sufficient ground for dismissing same, if it conformed to the requirements of the statute in all other essential particulars.

For the reasons stated, this cause, (or alleged proceeding in error), is dismissed at the cost of plaintiff in error and the judgment of the lower court will, therefore, stand affirmed.

All the Justices concurring.