## BOARD OF COMMISSIONERS OF WOODS COUNTY v. W. E. OXLEY.

(Filed Aug. 25, 1899.)

1. APPEAL.—*Assignment of Errors.* A party seeking the reversal of a judgment in the supreme court should specifically and clearly allege in the petition in error the errors sought to be reviewed, as provided by section 561 of our Code of Civil Procedure.

2. SAME—*Indefinite Petition.* Hence, Where a petition in error alleges that the judgment was for the defendant in error, when it should have been for the plaintiff, without stating what errors had been committed, and by whom, is indefinite, and does not set forth the errors complained of as required by said section of the Code of Civil Procedure.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*Jesse J. Dunn, County Attorney,* for plaintiff in error.

*T. J. Womack,* for defendant in error.

Action by W. E. Oxley against the board of county commissioners of Woods county. Judgment for plaintiff. Defendant brings error. Affirmed.

Opinion of the court by

HAINER, J.: The defendant in error, W. E. Oxley, on October 14, 1896, filed a duly verified claim with the board of county commissioners of Woods county for $63, for services rendered as a member of the county board of examiners during the years 1895 and 1896. On January 19, 1897, the claim was passed upon, and disallowed by the board of county commissioners. From the disallowance of the claim, Oxley appealed to the district court of said county, where the case was tried by the court, a jury having been waived by both parties, and judgment rendered for the amount of Oxley's claim. From this judgment the county brings the case here on appeal, on what purports to be a case-made.

It appears from the record that no motion for a new trial was filed in the court below, and the only question assigned in the petition in error of the plaintiff in error is as follows: "The plaintiff alleges for error the judgment entered for said plaintiff below, W. E. Oxley, and avers that said judgment should have been for defendant below, the board of county commissioners." We do not think that this assignment of error is sufficient to properly present any question for review in this court. An assignment of error which simply states that the court erred in rendering judgment for the plaintiff and against the defendant raises no question which is reviewable in this court. Such an assignment of error does not state what erroneous ruling caused the rendition of judgment in favor of the plaintiff and against the defendant in the

trial court. It is general and indefinite, and fails to direct our attention to any specific error alleged to have been committed by the trial court. A party seeking the reversal of a judgment should specifically and clearly set forth the errors complained of, as provided by section 561 of our Code of Civil Procedure.

In *Brown v. Rhodes*, 1 Kan. 359, it was held that a petition in error alleging that the judgment was for the defendant in error, when it ought to have been for the plaintiff, without stating what errors had been committed, and by whom, is indefinite, and does not set forth the errors complained of as required by section 527 of the Code of Civil Procedure.

In *Orr v. Pennington*, (Va.) 24 S. E. 929, it was held that a petition for appeal averring there was manifest error in dismissing a bill and rendering judgment for costs against the petitioner does not contain an assignment of error as required by section 3464 of the Code, providing that a petition for appeal shall assign errors.

In *Marvel v. White*, 5 Okla. 736, 50 Pac. 87, this court held that an alleged proceeding in error will be dismissed when the instrument claimed to answer the purpose of a petition in error is defective in not being entitled "Petition in Error," failing to set forth the errors complained of and not containing any of the other essential allegations of such pleading. Mr. Justice Keaton, in delivering the opinion of the court in this case said: "It is true that said instrument refers to certain assignments of error 'contained in the case-made,' but, under the plain provisions of our statute, it is clear that the errors complained of must be assigned in the petition in error itself

to authorize a consideration thereof by this court, and in no event can their incorporation in a case-made be held in sufficient compliance with the statute to warrant such consideration."

The motion of the defendant in error to dismiss the appeal of the plaintiff in error is sustained. The petition in error is therefore dismissed, at the costs of the appellant, and the judgment of the district court will stand affirmed.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.