GWINNUP *et al.* v. GRIFFINS *et al.*

No. 1488.   Opinion Filed July 12, 1910.

1. **APPEAL AND ERROR—Cases Pending in Ind. Ter. Courts—Procedure.** Under the procedure of the Territory of Oklahoma in force in the state by virtue of sec. 2 of the Schedule to the Constitution, a proceeding in error may be maintained in this court by any proper party to review the action of the trial court as to cases pending in the United States Court of the Indian Territory at the time of the erection of the state, and thereafter, having been transferred to the proper state court, determined.

2. **APPEAL AND ERROR—Record—Case-Made.** A case-made is not a part of the record of the trial court.

   (a) A case-made becomes a part of the record in a proceeding in error, its settling, certification, attesting, etc., being preliminary to the commencement of such proceeding in the appellate court.

(Syllabus by the Court.)

*Error from the District Court, Muskogee County; Jno. H. King, Trial Judge.*

Action between Harry G. Gwinnup and another and J. F. Griffins and others.   Motion to dismiss appeal overruled.

*W. T. Hutchings,* for plaintiffs in error.

*W. W. Noffsinger* and *F. L. Martin,* for defendants in error.

WILLIAMS, J.   On the 27th day of February, 1907, the plaintiffs in error, Harry G. Gwinnup and James L. Allen, as

plaintiffs, commenced an action in the United States Court for the Western District of the Indian Territory, sitting at Muskogee, against the defendants in error, J. F. Griffins, James Robinette, W. A. Crosby and T. F. Crosby, partners, under the firm name of Crosby & Crosby, and F. L. Martin and C. W. Turner, as defendants, by filing their complaint in ejectment with the clerk of said court, upon which summons was issued and returned on the 21st day of March, 1907, as served on each of said defendants. The cause being at issue, on the 10th day of March, 1909, after trial, verdict was returned by a jury in favor of the plaintiffs upon which judgment was rendered in their favor. On March 10, 1909, motion for new trial on the several statutory grounds was filed. On the 27th day of March, 1909, said motion was overruled. On the same day, the defendants demanded a second trial under sec. 4792 of Wilson's Rev. & Ann. St. 1903, which was granted, the plaintiffs excepting. A petition in error with case-made attached having been lodged in this court on March 10, 1910, the action of the lower court is sought to be reviewed. The defendants in error have moved that said proceeding be dismissed on the ground that the laws in force in the Indian Territory at the time of the erection of the state relative to appeals control exclusively, and that a review cannot be had by means of petition in error with case-made, but that an appeal or writ of error in such case must be prosecuted within six months after the judgment is rendered. It has been settled by this court that as to cases determined in the United States District Court of the Indian Territory prior to the erection of the state, the appellate procedure obtaining at that time in that jurisdiction applied both as to form and time, whether the appeal was taken prior or subsequent to the admission of the state. *Chouteau et al. v. Chouteau,* 25 Okla. 426, 106 Pac. 854, and authorities therein cited.

Sec. 6069, Comp. Laws Okla. 1909 (St. Okla. Ter. 1893, sec. 4439), as continued in force in this state, provides:

"The proceedings to obtain such reversal, vacation or modification, shall be by petition in error, filed in the Supreme Court,

setting forth the errors complained of; and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action."

Sec. 6070, Comp. Laws Okla. 1909 (St. Okla. Ter. 1893, sec. 4440), provides:

"The summons mentioned in the last section shall, upon the written præcipe of the plaintiff in error or his attorney, be issued by the clerk of the court in which the petition is filed, to the sheriff of any county," etc.

By the Oklahoma procedure, in civil cases, there is but one proceeding or action to review the actions of a trial court and that is a proceeding in error by means of a petition in error, with a certified transcript, original case-made or certified copy thereof, attached. (Sec. 6072, Comp. Laws Okla. 1909, sec. 4442, St. Okla. Ter. 1893). This is a separate proceeding. *Kilgore v. Yarnell et al.,* 24 Okla. 525, 103 Pac. 698; *McMurtry v. Byrd et al.,* 23 Okla. 597; *Doorley v. Buford & George Mfg. Co.,* 5 Okla. 594; *Winfield v. Brinkman,* 31 Kan. 25; *Byington v. Quinton,* 45 Kan. 188; *Strong v. Nat. Bank,* 6 Kan. App. 753; *Board of Co. Com'rs of Smith Co. v. Labore et al.,* 37 Kan. 480; Burdick's New Trials and Appeals (1907), sec. 172.

Under the procedure of the Oklahoma Territory remaining in force in the state by sec. 2 of the Schedule, a proceeding in error may be maintained in this court by plaintiff in error to review the action of the trial court as to cases pending in the United States Court of the Indian Territory at the time of the erection of the state, and thereafter, being transferred to the proper state court, determined. (Sec. 8, art. 7, Const.)

Under the Indian Territory procedure, there being no such a thing as a case-made, it is insisted that nothing, unless it was a part of the record proper, could be brought into the record of an action at law except by a bill of exceptions. Under the Oklahoma procedure, a case-made does not become a part of the record of the trial court. (*St. Louis & San Francisco R. Co. v. Messenger, Clerk of the District Court et al.,* No. 1591, *infra.*) It becomes, however, a part of the record of the proceeding in

error in the appellate court, being prepared preliminary to the instituting of a proceeding in error in such tribunal.

The motion to dismiss the appeal is overruled.

All the Justices concur.