Farmers' State Bank of Granite v. City State Bank of Mangum.

after the expiration of the additional periods allowed by the subsequent orders, if they had been valid.

The plaintiff, at the time this appeal was attempted, had three days by statute in which to make and serve his case-made upon the defendant, after the judgment was entered, and, not having done so within that time, or the extension of 60 days granted by the court, the case cannot be considered by this court. *Carr v. Thompson et al.,* 27 Okla. 7, 110 Pac. 667; *Foulds v. Hubbard,* 36 Okla. 146, 128 Pac. 108; *St. Louis & S. F. R. Co. v. Rickey,* 33 Okla. 481, 126 Pac. 735; *Brown-Beane Co. et al. v. Rucker et al.,* 36 Okla. 696, 136 Pac. 1075.

The appeal should therefore be dismissed.

By the Court: It is so ordered.

---

## FARMERS' STATE BANK OF GRANITE v. CITY STATE BANK OF MANGUM.

### No. 3529. Opinion Filed May 12, 1914.

### (140 Pac. 1150.)

**APPEAL AND ERROR**—Dismissal. A petition in error should describe the cause wherein it is claimed the error occurred, and the judgment sought to be reviewed. A petition in error failing to describe the judgment with reasonable certainty, or to set out in what cause or court the judgment was rendered, will be dismissed.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Greer County;*
*Jarret Todd, Judge.*

Action by the City State Bank of Mangum against G. M. Knipe and the Farmers' State Bank of Granite, garnishee. Judgment for plaintiff, and garnishee brings error. Dismissed.

*B. F. Van Dyke,* for plaintiff in error.

*J. L. Carpenter,* for defendant in error.

Opinion by RITTENHOUSE, C. The defendant in error moved to dismiss this appeal on the ground that no petition in error had been filed. The only pleading which could possibly be interpreted as a petition in error is as follows:

"In the Supreme Court of the State of Oklahoma. Farmers' State Bank, Plaintiff in Error, v. City State Bank of Mangum, Defendant in Error. Assignment of Error. Comes now the plaintiff in error and assigns as error of the trial court that the court erred in overruling the motion for a new trial filed in the lower court. B. F. Van Dyke, Attorney for Plaintiff in Error."

The petition in error should, with reasonable certainty, describe the cause wherein it is claimed that error has occurred, and the judgment should be described with the same reasonable certainty. The petition in error in this cause is not entitled a petition in error, does not describe the judgment appealed from, does not set forth the court or cause in which the judgment was rendered, does not contain a prayer for relief, nor is the case-made referred to in any manner as a part of said petition.

The object of the petition in error, as provided by section 6069, Comp. Laws 1909 (Rev. Laws 1910, sec. 5238), is to obtain a reversal, vacation, or modification of the judgment or final order, and, when such judgment or final order is not set forth in the petition in error with reasonable certainty, the same is insufficient.

In the case of *Ketner v. Dillingham*, 6 Kan. App. 921, 50 Pac. 1098, the court held under a similar statute:

"Where the petition in error does not show in what case or court the judgment was rendered, nor what court tried the case, nor the pleadings, it will be dismissed."

See, also, *Higgins v. Higgins*, 7 Kan. App. 811, 52 Pac. 906; *Marvel v. White*, 5 Okla. 736, 50 Pac. 87; *Board of Com'rs of Woods County v. Oxley*, 8 Okla. 502, 58 Pac. 651; *King v. Horse Chief Eagle*, 23 Okla. 532, 101 Pac. 1135; *Gwinnup et al. v. Griffins et al.*, 26 Okla. 866, 113 Pac. 909; *McMasters v. English et al.*, 26 Okla. 818, 110 Pac. 1070; *Wilson v. Mann*, 37 Okla. 475, 132 Pac. 487.

The purported petition in error in this cause is insufficient to confer jurisdiction on this court, and the motion to dismiss the cause on the ground of the insufficiency of such petition should be sustained, and the cause dismissed.

By the Court: It is so ordered.