## DILL v. MARKS.

No. 7514.    Opinion Filed February 15, 1916.

(155 Pac. 521.)

1.    APPEAL AND ERROR—Perfecting of Appeal—Petition in Error — Case-Made. The filing of a purported case-made in the Supreme Court, in the absence of a petition in error, institutes no action thereon, under sections 5238 and 5240, Rev. Laws 1910.

2.    SAME. Where plaintiff in error files his case-made in this court on the last day of the statutory period for perfecting his appeal, and does not file his petition in error until eight days after the expiration of said period, **held,** not to vest this court with jurisdiction of the cause.

(Syllabus by the Court.)

*Error from District Court, Okfuskee County;
John Caruthers, Judge.*

Action by William Marks against W. H. Dill. Judgment for plaintiff, and defendant brings error. Dismissed.

*Huser & Huser,* for plaintiff in error.

*C. T. Huddleston,* for defendant in error.

PER CURIAM. In this case the case-made was filed in this court on the last day of the six-months period allowed for perfecting the appeal. Eight days thereafter there was filed with the clerk of this court a purported petition in error, and the cause is now pending before us on motion to dismiss on the ground that the proceedings were not commenced within the statutory period. The point is well taken, and the appeal must be dismissed. A petition in error is a necessary requisite to the commencement of the proceedings, which "shall be commenced within six months from the rendition of the judgment or final order complained of." Chapter 18, p. 35, Sess. Laws 1910-11; *White v. Hooker et al.,* 47 Okla. 453, 148 Pac. 719; *McMasters v. English et al.,* 26 Okla. 818, 110 Pac. 1070; *Board of County Commissioners v. Oxley,* 8 Okla. 502, 58 Pac. 651; *Marvel v. White,* 5 Okla. 739, 50 Pac. 87.

Dismissed.