**DAILEY v. CITIZENS' NAT. BANK OF PAWHUSKA et al.**

No. 13601—Opinion Filed March 27, 1923.

(Syllabus.)

1. **Appeal and Error—Perfection of Appeal —Requisites.**

To confer jurisdiction upon the Supreme Court of a proceeding to review a judgment or final order of the district court, the plaintiff in error must, within six months from the rendition of the judgment or order complained of, file with the clerk of the Supreme Court a petition in error, to which shall be attached the original case-made filed in the court below, or a certified transcript of the record of such court. Section 5240, Rev. Laws 1910.

2. **Same — Case-Made — Failure to File Below—Dismissal.**

A case-made filed in this court which does not show that it has been filed in the office of the clerk of the trial court is a nullity, and, where such a case-made remains in this court after the expiration of the statutory time in which to perfect an appeal, on motion the appeal will be dismissed.

3. **Same — Transcript of Record — Invalidity.**

Where the transcript of the record is not certified by the clerk of the trial court, the Supreme Court, after the expiration of time allowed for filing petition in error, is without power to permit a duly certified transcript to be filed in lieu of the unauthenticated copy.

Error from District Court, Osage County; C. C. Smith, Judge.

Action between Mrs. Dora Dailey and the Citizens' National Bank of Pawhuska and others. From the judgment, the former brings error. Dismissed.

John L. Arrington and Vaughan & Shinn, for plaintiff in error.

Widdows & McCoy and D. B. Horsley, for defendants in error.

JOHNSON, J. This cause came on to be heard upon a motion to dismiss filed by defendants in error upon the following grounds:

"(1) That no case-made, as required and provided by law, is attached to the petition in error, or has been filed in this court.

"(2) That no record has been filed in this court by plaintiff in error which authorizes this court to review the judgment of the court below, and the six months within which to perfect this appeal has expired."

The record discloses that the motion for a new trial was overruled June 1, 1922; that on July 21, 1922, a petition in error, to which a carbon copy of a purported case-made without certificate or seal was attached, was filed in this court; that on January 30, 1923, plaintiff in error filed a motion asking leave to substitute original case-made for copy on file showing service; that on January 31, 1923, defendants in error filed their motion to dismiss appeal, such motion showing service; on February 6, 1923, the motion to sub-

stitute case-made was sustained, allowing five days therefor, and defendants in error's motion to dismiss denied; on February 9, 1923, original case-made and petition in error filed; on February 15, 1923, defendants in error renewed their motion to dismiss appeal, showing service by mail; on February 17, 1923, the plaintiff in error filed a motion to strike said second motion to dismiss; on March 6, 1923, said second motion to dismiss appeal was denied; on March 9, 1923, defendants in error obtained leave to file motion to renew their original motion to dismiss, which was duly served; on the same day, March 9, 1923, plaintiff in error filed a response in the form of a motion to dismiss defendants in error's motion to dismiss appeal.

In this state of the record it seems clear that the defendants in error's original motion to dismiss the appeal was well taken and that the same should have been sustained, and that the order of this court denying the same was improvidently made, for the reason that the court never acquired jurisdiction of the cause, for the reason of the failure of the plaintiff in error to comply with section 785, Comp. Stat. 1921, providing the way and manner and the time in which appeals must be lodged in this court. The purported case-made filed in this court showed upon its face that it was a nullity, and no attempt was made by the plaintiff in error to amend the same or to substitute a proper case-made therefor until the expiration of eight months from the date on which the motion for a new trial was overruled by the trial court. Hence, this court never acquired jurisdiction by appeal. Simpson v. Henderson-Sturges Piano Co., 31 Okla. 623, 122 Pac. 174; Tarkenton v. Carpenter, 48 Okla. 498, 150 Pac. 482; Oil Fields & S. F. Ry. v. Wheeler, 75 Okla. 9, 180 Pac. 868; Buell v. Am. Indemnity Co., 72 Oklahoma, 178 Pac. 884; Ranney-Davis Mercantile Co. v. Phelps, Administrator, et al., decided January 16, 1923, 88 Okla. 114, 212 Pac. 310; Waldock et al. v. Sinclair, 83 Okla. 259, 201 Pac. 661; Mitchell v. Lambard-Hart Realty & Inv. Co., opinion January 2, 1923. 88 Okla. 68, 211 Pac. 494.

It is clearly appearing that this court is without jurisdiction of the appeal, the same is dismissed for want of jurisdiction.

McNEILL, KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur