## THOMAS v. POTTER et al.

No. 24001. Opinion Filed June 13, 1933.

Rehearing Denied July 5, 1933.

H. F. Fulling and A. H. Thomas, for plaintiff in error.

Gibson, Maxey & Holleman, Lashley & Rambo, J. A. Talbot, H. A. Tallman, Everett Petry, Carl Davis, and Boone & Boone, for defendants in error.

PER CURIAM. A petition in error and transcript were filed in this court on August 27, 1932.

It is urged by the movant herein on a motion to dismiss the appeal that there is no proper transcript of the record presented to this court.

This court has uniformly held that where an appeal is by transcript, the certificate of the clerk must show affirmatively that such transcript is full, true, and correct. Wade v. Mitchell, 14 Okla. 168, 79 P. 95; Manley v. Halsell, 43 Okla. 402, 143 P. 193; McGuire v. Rash, 89 Okla. 132, 241 P. 698; Ward v. Weathers, 140 Okla. 25, 282 P. 147.

In Wade v. Mitchell, supra, Chief Justice Burford, speaking for the court, said:

"It is the duty of the complaining party to make an affirmative and conclusive showing of error. This cannot be done by a partial or incomplete transcript. Our statute provides for two methods of bringing a cause to this court. The petition in error must have attached to it either a transcript of the proceedings below, or a case-made. If the case is presented for review upon a transcript. it must be a complete transcript of the record in the trial court. If the case is presented by a case-made, then the party presenting the case may incorporate only such portions of the record as will present to the appellate court the errors complained of. By the case-made method the cause may be presented upon a short record, but by the transcript method no authority exists for omitting any of the proceedings of the trial court which are properly parts of the record, and the certificate to the transcript must show that it contains a full, true, and complete transcript of all the papers and proceedings in said cause, as the same appears on file or of record in his office."

The certificate to the transcript is not in conformity to that rule.

The appeal is therefore dismissed.