## ADA MILLING CO. v. GEORGE.

No. 22859. Oct. 16, 1934.

McKeown & Green, for plaintiff in error.

J. W. Bolen, for defendant in error.

PER CURIAM. The only question presented by this appeal is whether or not the trial court had jurisdiction to allow an amendment to the return of summons after judgment was had and motion for new trial had been overruled.

Alonzo George, as plaintiff, brought suit to recover damages on account of Johnson grass being mixed in certain oats purchased from the defendant, a corporation.

The case was submitted to a jury and verdict given for plaintiff, and judgment entered accordingly. Motion for new trial was presented and overruled. The defendant gave notice in open court of its intention to appeal and was by the court allowed time in which to have case-made prepared. Before case-made was prepared and before petition in error was filed, plaintiff filed in the trial court his motion to amend the sheriff's return on the summons. The defendant then made its special appearance objecting to the jurisdiction of the court, contending that Supreme Court had jurisdiction. Upon hearing before the Honorable W. G. Long, assigned judge, the court authorized the amendment, which was thereupon made.

The appellant contends that the jurisdiction of the trial court ceased after motion for new trial had been overruled, supersedeas bond given, and case-made ordered. The record does not disclose the supersedeas bond, if one were given. That, however, could make no difference, as the only purpose of a supersedeas bond is to stay execution. See Hutchings v. Winsor, 92 Okla. 37, 217 P. 1044.

Section 318, C. O. S. 1921 (251, O. S. 1931), provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding. * * *"

The court, therefore, had the power, if the case was proper, to allow an amendment to the process, if it had not lost jurisdiction by reason of the stage of the proceedings in preparation for the appeal. Jurisdiction was either in the trial court or in the Supreme Court. Section 782, C. O. S. 1921 (531, O. S. 1931), provides how appeals may be taken:

"The proceedings to obtain such reversal, vacation or modification shall be by petition in error filed in the Supreme Court setting forth the errors complained of. * * *"

Section 783, C. O. S. 1921 (532, O. S. 1931), provides that the case-made shall be attached to and filed with the petition in error.

In the case of De Vitt v. El Reno, 28 Okla. 315, 114 P. 253, this court held:

"A petition in error is jurisdictional, and under our statutes it must set forth the errors complained of."

Potter v. Checote, 38 Okla. 33, 130 P. 1164, holds that where losing party failed to perfect proceedings in error, after filing supersedeas bond, for want of statutory authority, Supreme Court could not affirm the judgment upon motion of party prevailing.

Dill v. Marks, 53 Okla. 142, 155 P. 521, holds:

"The filing of a purported case-made in the Supreme Court, in the absence of a petition in error, institutes no action thereon, under sections 5238 and 5240, R. L. 1910" (same as section 782, supra, as amended).

We therefore hold that the trial court had jurisdiction to pass upon the motion to amend the return of summons, and finding no error in his ruling thereon, the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Jess C. Wesner, F. R. Blosser, and E. J. Meacham in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wesner, and approved by Mr. Blosser and Mr. Meacham, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.