E. H. SHORT, Jr., Plaintiff in Error,

v.

Melvina P. HALE, Mary Sue Davis, and Robert W. Raynolds, co-executors of the Estate of B. C. Hale, deceased, Defendants in Error.

No. 41234.

Supreme Court of Oklahoma.
March 23, 1965.

**818**

Paul Edwards, Tulsa, for plaintiff in error.

Robert W. Raynolds, Tulsa, for defendants in error.

PER CURIAM.

This cause was instituted here and is sought to be prosecuted as an appeal by certified transcript of the record as that term is employed in 12 O.S.1961, § 956. Before the court is appellees' motion to dismiss and appellant's application for leave to incorporate into the record such "additional" parts of the record proper as may "by inadvertence" have been omitted therefrom. The decisive question to be determined here is whether failure to include in the transcript the entire record proper may be corrected by supplying the omitted parts after the expiration of the maximum time (of three months) prescribed by 12 O.S. Supp.1963, § 972(b) for the commencement of an appeal by certified transcript of the record, where the court clerk's certificate of authentication discloses that the certified transcript is less than the entire record proper.

This cause was commenced here October 15, 1964, by a petition in error to which there is attached an exhibit designated as "Transcript on Appeal." The exhibit is authenticated by a certificate of the court clerk specifying the instruments included therein. The certificate of authentication affirmatively shows on its face that parts of the record proper were omitted from the transcript.

The trial court's decision from which this appeal was taken struck appellant's amended petition and dismissed his action. This constituted an appealable order. Wilson v. Walker, 190 Okl. 299, 122 P.2d 160, 161. Pronounced on July 17, 1964, this final order was rendered before the effective date of our opinion in Poafpybitty v. Skelly Oil Co., Okl., 394 P.2d 515. The present appeal is thus unaffected by the rule announced in that case, and a motion for a new trial was hence unnecessary to preserve for review the assigned errors in determining an issue of law. Since this cause was instituted here as an appeal by certified transcript of the record, the maximum time (of three months) prescribed for its commencement by 12 O.S. Supp.1963, § 972(b) expired on October 17, 1964.

In their motion to dismiss filed here January 6, 1965, appellees urge, inter alia, that the instrument attached here to the petition in error fatally defective as a certified transcript of the record, as that term is employed in 12 O.S.1961, § 956, because such instrument contains, and is authenticated as a copy of *less* than the entire record proper. As appellees point out, the court clerk's certificate of authentication merely recites that the "foregoing transcript" consists of a "full, true, correct and complete" copy of certain enumerated instruments on file below. Conceding the deficiency, appellant seeks leave to now supply the omitted parts and to procure a reauthentication of the record as a complete transcript by an all-inclusive certificate of the court clerk.

There exist three methods of bringing a civil case up for review to the Supreme Court: (1) by case made; (2) upon the original record; and (3) by certified transcript of the record. If the appeal is instituted by case made, only such por-

tions of the record and proceedings may be incorporated as are deemed necessary to present the errors assigned. The statute specifically authorizes such abridgment of the record. 12 O.S.1961, § 957. In fact, the case made method was originally devised for the very purpose of allowing the aggrieved party to procure corrective relief upon a reduced record. Neiswender v. James, 41 Kan. 463, 21 P. 573; St. Louis & S. F. R. Co. v. Taliaferro, 58 Okl. 585, 160 P. 610; Thomas v. Potter, 164 Okl. 212, 23 P.2d 381.

■ In an appeal brought upon the original record the aggrieved party may also present for review only so much of the proceedings as is deemed necessary to a full understanding of the errors assigned. 12 O.S.1961, § 956.5.

■ But in a proceeding in error by certified transcript of the record, as that term is employed in 12 O.S.1961, § 956, there exists no statutory authority for abridging the appellate record. Weaver v. Hall, 33 Kan. 619, 7 P. 238; Thomas v. Potter, supra. The transcript attached to the petition in error *must* contain the whole record proper and be authenticated by a certificate of the court clerk. This requirement is rigid. Nothing short of a copy of all of the proceedings that are a part of the record proper is sufficient. This must affirmatively appear from the certificate. Wade v. Mitchell, 14 Okl. 168, 79 P. 95; Thomas v. Potter, supra.

The rationale of this rule amply justifies its existence. Since there is no procedure for settlement of a transcript or for its amendment at the instance of the successful party, the appellate court is without any assurance that the parts omitted from an incomplete record would not, if included, explain the errors assigned or show them cured or harmless. Burns v. Burgett, 19 Kan. 162, 164.

■ The term "record" or "record proper," as used in reference to a transcript of the record, is synonymous with the term "judgment roll" at common law.

It comprises all instruments and pleadings which by force of 12 O.S.1961, § 704, form a part of the record proper. Tribal Development Co. v. White Bros., 28 Okl. 525, 114 P. 736; State ex rel. Commissioners of Land Office v. Whitfield, 200 Okl. 300, 193 P.2d 306. As commonly used the word record means a record of any sort, but a transcript of the record must consist of and include the entire judgment roll. Any other parts of the proceedings may be included by being incorporated in a bill of exceptions. Campbell v. Aetna Building & Loan Ass'n, 183 Okl. 28, 79 P.2d 791.

■ An appeal by transcript of the record does not stand perfected unless within the maximum time prescribed by 12 O.S. Supp.1963, § 972(b), a petition in error is lodged in this court together with a certified transcript of the entire record proper. Ada Milling Co. v. George, 169 Okl. 278, 36 P.2d 736.

■ Where an instrument attached to the petition in error fails to show affirmatively that it contains a true, full and correct copy of all the proceedings which are a part of the record proper, such instrument is ineffective as a certified transcript of the record and presents nothing for review. Schabel v. Wright, 179 Okl. 73, 64 P.2d 855; Local Union Textile Workers No. 1840, on Behalf of Bradfield v. Commander Mills, 182 Okl. 315, 77 P.2d 705.

■ Under the terms of 12 O.S.1961, § 959, this court may allow a "record" to be "corrected." The cited statute contemplates the correction of matters already included in a complete and certified transcript which is filed within the maximum time prescribed by law. It does not purport to authorize amendments designed to belatedly supply omissions of jurisdictional requirements which must be met within three months in order to perfect an appeal by transcript. Dailey v. Citizens' Nat. Bank of Pawhuska, 89 Okl. 94, 214 P. 116; Cf. In re Combs' Estate, 62 Okl. 33, 161 P. 801; Norris v. Norris, 196 Okl. 46, 162 P.2d 521, 522; Adams Royalty Co. v. Faulkner, 176 Okl. 423, 55 P.2d 1033, 1036.

A contrary construction of Sec. 959, supra, would permit an appeal by transcript to be commenced after the expiration of the maximum period of three months fixed by 12 O.S.Supp.1963, § 972(b). There is nothing in Sec. 959 to indicate that its terms were ever intended either to enlarge the period prescribed for commencement of appellate proceedings or to dispense with the requirements for timely preparation and filing of an all-inclusive transcript. Shepherd v. Herndon, Okl., 398 P.2d 511, 514. In re Combs' Estate, supra. In short, Sec. 959 may not be invoked to cure fatal jurisdictional defects after the expiration of the maximum statutory time for filing an appeal. State ex rel. Gross v. American National Bank of Oklahoma City, 107 Okl. 265, 232 P. 52, 53.

Our holding in this case is not inconsistent with the decision in Turner v. Sooner Oil & Gas Co., 206 Okl. 344, 243 P.2d 701. In the cited case the transcript, which was authenticated as a complete copy of the record proper, disclosed itself that the *sole* instrument omitted therefrom consisted of an exhibit made a part of the petition by reference. It was not clear whether the missing exhibit was in fact attached to the petition on file below. The court undertook a review but confined it to the errors which could be considered without an examination of the missing exhibit. Here the transcript itself does not disclose what is missing from it, nor is it authenticated as a complete record. On the contrary, the certificate affirmatively shows that the transcript contains less than the entire record proper.

The application to supply the omitted parts must be denied.

The proposed amendment may not be effected after the maximum time for appeal has expired; the instrument attached to the petition in error is wholly insufficient as a transcript of the record and this court never acquired jurisdiction of this purported appeal. See Burdick, New Trials & Appeals in Kansas and Oklahoma, par. 179, p. 145.

This cause may not be regarded as an appeal upon the original record because, inter alia, the petition in error was not filed here within 90 days after rendition of the judgment sought to be reviewed. See 12 O.S.1961, § 952.2. Nor may this cause be considered as an appeal by case made because no case made, properly served, settled, authenticated and filed below, was lodged here within the maximum period of six months from the judgment. See 12 O.S.Supp.1963, § 972(a).

The transcript whereon the instant cause is sought to be prosecuted is fatally defective and a nullity. The court is accordingly without jurisdiction to entertain this appeal.

Appeal dismissed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.