FIRST NAT. BANK OF HOBART v. SPINK *et al.*

No. 2063, Okla. T.    Opinion Filed June 24, 1908.

(97 Pac. 1019.)

1.    **APPEAL AND ERROR—Time of Filing Petition.** When an order discharging or dissolving a garnishment is made (section 4759, Wilson's Rev. & Ann. St. 1903), the party who obtained such garnishment having excepted to such order for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding thirty days from the discharge or dissolution of said garnishment, within which such petition in error shall be filed with the clerk of the Supreme Court.

2.    **SAME—Delay in Filing—Dismissal.** A petition in error, for the purpose of reviewing an order of the district judge made in chambers, dissolving a garnishment, will be dismissed, where it is filed with the clerk of the Supreme Court more than 30 days after the making of such order.

(Syllabus by the Court.)

*Error from District Court, Caddo and Kiowa Counties; F. E. Gillette, Judge.*

Action by the First National Bank of Hobart against George A. Spink and others, defendants, and the City National Bank of Hobart, garnishee. Judgment for defendants, and plaintiff brings error.    Dismissed.

*Keys, Rummons & Cline,* for plaintiff in error.
*Spink & Spink,* for defendants in error.

WILLIAMS, C. J.    On the 30th day of July, A. D. 1906, before the Hon. F. E. Gillette, judge of the district court for Caddo

and Kiowa counties, in chambers, in the city of Anadarko, after due notice motion was presented to have the herein garnishment dissolved, and the garnishees discharged. After hearing said motion, same was sustained, the garnishment dissolved, and the garnishee discharged. Thereupon plaintiff prayed an appeal to the Supreme Court of the territory, and same was allowed, at the same time 30 days being allowed plaintiff to make and serve a case-made, and 10 days to suggest amendments, to be settled upon 5 days' notice by either party. Pending appeal, execution was to be stayed, upon plaintiff giving supersedeas bond in the sum of $100.

The petition in error was not filed with the clerk of said Supreme Court until the 1st day of December, 1906, over four months after the entering of said order appealed from. Said petition in error not having been filed with the clerk of said court, of which this court is, by the terms of the enabling act (Act June 16, 1906, c. 3335, § 13, 34 Stat. 275 [U. S. Comp. St. Supp. 1907, p. 150]), the successor, within 30 days from the discharge or dissolution of said garnishment, this court is without jurisdiction to review the action of the judge in chambers, in dissolving the same. Section 4759, Wilson's Rev. & Ann. St. 1903; *Herring et al. v. Wiggins, Treasurer,* 7 Okla. 313, 54 Pac. 483.

The appeal is dismissed, at the cost of the plaintiff in error. All the Justices concur.