PIONEER TELEPHONE & TELEGRAPH CO. v. INCORPORATED TOWN
OF CHELSEA.

### No. 37.     Opinion Filed May 12, 1909.

### (102 Pac. 83.)

**APPEAL AND ERROR—Time of Taking Proceedings—Dissolution of
Temporary Injunction.** A party who procures a temporary in-
junction to issue may appeal from an order of the district court
dissolving or modifying the same, under the provisions of section
561, art. 22, c. 66, par. 4759, of Wilson's Rev. & Ann. St. Okla.
1903; but the petition in error, in order to confer jurisdiction
upon the Supreme Court to hear and determine the same, must
be filed in the office of the clerk of the Supreme Court within 30
days from the date of such order, and the court or judge making
the same has no power to extend or enlarge it.

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Action by the Pioneer Telephone & Telegraph Company
against the Incorporated Town of Chelsea. Judgment for defend-
ant, and plaintiff brings error. Dismissed.

*C. J. Wrightsman, James B. Diggs,* and *C. E. Bush,* for plain-
tiff in error.

*J. W. Swarts,* for defendant in error.

DUNN, J. On the 17th day of April, 1907, the Pioneer Tele-
phone & Telegraph Company, plaintiff in error, filed its com-
plaint in the United States District Court of the Northern Dis-
trict of the Indian Territory, praying an injunction against the
defendant, the incorporated town of Chelsea, and on the same
day a temporary restraining order was by the judge of said court
allowed and issued, and the hearing of the application for a tem-
porary injunction set for April 27, 1907, at Vinita. On that day
the temporary injunction was granted as prayed for, and the cause
referred to a master in chancery to take evidence. No evidence
was taken under this order, and on the 6th of December, 1907,
statehood having intervened, the defendant filed its motion in the

district court of Craig county to dissolve the temporary injunction theretofore granted, for the reason that plaintiff had failed to use due diligence in the prosecution of its cause, and on the hearing of the said motion the court sustained the same, and at the same time entered an order allowing plaintiff 30 days in which to make, prepare, and serve a case-made for the purpose of effecting an appeal to the Supreme Court, and allowing defendant 10 days after the service of said case-made within which to suggest amendments thereto, the same to be settled and signed on 5 days' notice in writing by either party. The parties prepared the case-made and plaintiff in error filed its petition in error in the Supreme Court on January 13, 1908.

The parties have briefed the case here on its merits, but in our judgment this court does not acquire jurisdiction to hear and determine it. Section 561, art. 22, c, 66, par. 4759, Wilson's Rev. & Ann. St. Okla. 1903, provides:

"When an order, discharging or modifying an attachment or a temporary injunction, shall be made in any case, and the party who obtained such attachment or injunction shall except to such order, for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding thirty days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed; and during such time the execution of said order shall be suspended, and until the decision of the case upon the petition in error, if the same shall be filed; and the undertaking, given upon the allowance of the attachment, shall be and remain in force until the order of discharge shall take effect. If such petition in error shall not be filed within the time limited, the order of discharge shall become operative and be carried into effect; and the certificate of the clerk of the Supreme Court that such petition is or is not filed, shall be evidence thereof."

The Supreme Court of the territory of Oklahoma in the case of *Herring et al. v. Wiggins*, 7 Okla. 312, 54 Pac. 483, held:

"A party who procures a temporary injunction to issue may appeal from an order of the judge, made in chambers, modifying

Vol. 23—46

such temporary injunction, under the provisions of section 4463, St. Okla. 1893; but the petition in error must be filed in the Supreme Court within 30 days from the date of such order, and the court or judge has no power to extend or enlarge such time. A writ of error, for the purpose of reviewing an order of the district judge, made in chambers, modifying a temporary injunction, will be dismissed, where it is filed more than 30 days after the making of such order. The right to an appeal from an order of the judge modifying a temporary injunction only exists by virtue of statute, and is in derogation of long-established rules of practice, and must be strictly construed."

In the consideration of said cause Chief Justice Burford, referring to this statute, said:

"This statute authorizes an appeal from an order modifying a temporary injunction; but, in order to be effective or confer jurisdiction, such appeal must be taken within 30 days from the time the order is made. * * * But in no event can an appeal be taken, or writ of error filed, after the expiration of 30 days from the time of making the order."

In the case of *First National Bank of Hobart v. Spink, et al.,* 21 Okla. 468, 97 Pac. 1019, decided by this court June 24, 1908, the court, construing this same statute, held:

"A petition in error, for the purpose of reviewing an order of the district judge, made in chambers, dissolving a garnishment, will be dismissed where it is filed with the clerk of the Supreme Court more than 30 days after the making of such order."

As the order made in this case was made and entered December 6, 1907, and the petition in error and case-made not filed until after the expiration of more than 30 days from that date, no jurisdiction was conferred vesting power and authority in the court to consider and determine the questions raised.

The proceedings in the allowance, denial, dissolution, or appeal connected with a temporary injunction as a rule determines nothing definitely in the main case; and in this instance we see no reason why the court could not have proceeded to the trial of this cause as if no such actions had taken place. 10 Encyclopædia of Pleading & Practice, 1089.

The appeal is accordingly dismissed, but the cause itself may, of course, proceed to trial as if no appeal had been taken.

All the Justices concur.