## SMITH v. ELDRED *et al.*

No. 1626.  Opinion Filed January 9, 1912.

Rehearing Denied February 20, 1912.

(121 Pac. 195.)

**APPEAL AND ERROR**—Dissolution of Garnishment—Time of Filing Petition.  When an order discharging or dissolving a garnishment is made (section 4759, Wilson's Rev. & Ann. St. 1903), the party who obtained such garnishment having excepted to such order for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding 30 days from the discharge or dissolution of said garnishment, within which such petition in error shall be filed with the clerk of the Supreme Court; and this rule applies, notwithstanding the order to dissolve is entered upon a verdict of a jury after the trial of the garnishment proceedings was had upon its merits.

(Syllabus by the Court.)

*Error from Okmulgee County Court;*
*M. M. Alexander, Judge.*

Action between Herbert E. Smith and Clara E. Eldred and others.  From the judgment, Smith brings error.  Dismissed.

*Herbert E. Smith, pro se.*

*William M. Matthews, Ralph H. Ellison, C. W. Holbrook,* and *Geo. C. Beidleman,* for defendants in error.

KANE, J.  The defendants in error move the court to dismiss the appeal in the above-entitled cause upon several grounds, the third of which is well taken.  It is as follows:

"For the reason that this court has no jurisdiction to hear and determine the petition in error and case-made, for the reason that this is an appeal from an order discharging a writ of garnishment, and was not perfected within 30 days from the date of the order discharging said garnishees, having been made on the 13th day of May, 1909, and the appeal not having been filed in this court until the 27th day of April, 1910."

Section 6093, Comp. Laws 1909, provides:

"When an order discharging or modifying an attachment or a temporary injunction, shall be made in any case, and the party who obtained such attachment or injunction shall except to such order, for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding thirty days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed," etc.

Counsel for plaintiff in error contends that the foregoing statute applies only to appeals from interlocutory orders of attachment and temporary injunctions entered before the trial of the cause upon its merits, and that this case is not governed by *First National Bank of Hobart v. Spink et al.,* 21 Okla. 468, 97 Pac. 1019, because the order discharging the garnishees herein was rendered upon a verdict returned by the jury, after a hearing of issues joined in the garnishment proceedings; whereas, the order of garnishment in the Spink case was dissolved upon motion prior to the trial of the case upon its merits. We see no room to distinguish the two cases. The order appealed from in each case was an order dissolving a garnishment, excepted to by the party who obtained the same for the purpose of having it reviewed by the Supreme Court. No good reason occurs to us for excepting either of them from the operation of the above statute. The first paragraph of the syllabus of the Spink case, *supra,* reads as follows: ·

"When an order discharging or dissolving a garnishment is made (section 4759, Wilson's Rev. & Ann. St. 1903) the party who obtained such garnishment having excepted to such order for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding 30 days from the discharge or dissolution of said garnishment, within which such petition in error shall be filed with the clerk of the Supreme Court."

The appeal must be dismissed.

All the Justices concur.