## RAY v. WADE.

No. 3091.    Opinion Filed March 12, 1912.

(122 Pac. 169.)

**APPEAL AND ERROR**—Proceeding in Error—Time of Filing. A proceeding in error for the purpose of reviewing an order discharging an attachment, when not filed with the clerk of the Supreme Court within 30 days after the making of such order, will be dismissed for want of jurisdiction.

(Syllabus by the Court.)

*Error from Oklahoma County Court;
Sam Hooker, Judge.*

Action by T. H. Ray against M. E. Wade. Judgment for defendant, and plaintiff brings error. Dismissed.

*Grant Stanley,* for plaintiff in error.

*S. A. Horton,* for defendant in error.

HAYES, J. Plaintiff in error, who brought this action in the court below against defendant in error to recover upon a promissory note, caused to be issued at the beginning of the action an order of attachment. · Thereafter defendant in error filed his motion to discharge the attachment, which was by the court sustained on November 12, 1910. This proceeding in error, brought to have reviewed the order of the court dissolving the attachment, was filed in this court on September 28, 1911, long after 30 days after making of the order appealed from. Section 6093, Comp. Laws 1909, provides that, when any order discharging or modifying an attachment or temporary injunction shall be made in any case, the party aggrieved shall except to such order for the purpose of having it reviewed in the Supreme Court, if he so desires; and the court, upon his application, shall fix a time not exceeding 30 days from the discharge or modification of the attachment or injunction within which a petition in error shall

be filed in this court. The effect of this statute upon an attempted appeal from orders of the character described therein not filed in this court within 30 days after the rendition of the order appealed from has been several times passed upon by this court and held not to confer jurisdiction upon this court to hear and determine same; that such appeals must be filed in the office of the clerk of the Supreme Court within 30 days from the date of such order; and that the court or judge has no power to extend or enlarge this period for taking an appeal. *Smith v. Eldred, infra,* 121 Pac. 195; *Pioneer Tel & Tel. Co. v. Incorporated Town of Chelsea,* 23 Okla. 720, 102 Pac. 83; *First Nat. Bank of Hobart v. Spink et al.,* 21 Okla. 468, 97 Pac. 1019.

It follows that this proceeding must be dismissed.

All the Justices concur.