KENNEDY MERCANTILE CO. v. DOBSON *et al.*
(BARDSLEY, *Intervener*).

No. 4999.    Opinion Filed January 13, 1914.

(137 Pac. 147.)

**APPEAL AND ERROR**—Time for Appeal—Dissolution of Attachment.
When an order discharging or dissolving an attachment is made,
by reason of section 5266, Rev. Laws 1910, the party who obtains
such attachment, if he desires to have the order dissolving or
discharging same reviewed, must except to such order and have
the court or judge granting said order of dissolution fix a time,
not exceeding 30 days, within which petition in error shall be
filed with the clerk of the Supreme Court; and, when the same
is not filed with the clerk of the Supreme Court within 30 days
after making such order, the appeal will be dismissed for want of
jurisdiction.

(Syllabus by the Court.)

*Error from County Court, Major County;*
*F. W. Madison, Judge.*

Action by the Kennedy Mercantile Company, a corporation,
against L. D. Dobson and another, and S. J. Bardsley intervened.
From an order dissolving an attachment, plaintiff brings error.
Dismissed.

*Adam S. Garis* and *O. M. Evans,* for plaintiff in error.

*Morse & Standeven,* for defendants in error, L. D. Dobson
and L. A. Woody.

*Bardsley & Wells,* for intervener.

HAYES, C. J.    This is an appeal from an order of the
county court of Major county, dissolving an attachment.    Our
attention has been called to the fact, however, that the proceed-
ing was not begun in this court until more than 30 days from
the date of the order appealed from.

By section 5266, Rev. Laws 1910, when an order discharging
an attachment is made in a case, the party who obtains such at-
tachment, and who desires to have such order reviewed, is re-

quired to except to the order for the purpose of having same reviewed, and to obtain, from the court or judge granting said order, an order fixing a time not exceeding 30 days from the discharge of the attachment within which petition in error may be filed in the Supreme Court. Under various decisions of this court, construing and applying said statute, where the appeal is not commenced in this court within 30 days from the rendition of the order discharging the attachment, this court is without jurisdiction to review the order. *Ray v. Wade,* 31 Okla. 616, 122 Pac. 169; *Smith v. Eldred et al.,* 31 Okla. 352, 121 Pac. 195; *First National Bank of Hobart v. Spink et al.,* 21 Okla. 468, 97 Pac. 1019.

The appeal is accordingly dismissed.

All the Justices concur.