## WHITE v. HOOKER *et al.*

No. 6679.   Opinion Filed February 9, 1915.

Rehearing Stricken May 18, 1915.

(148 Pac. 719.)

1. **APPEAL AND ERROR—Time for Filing Petition—Discharge of Temporary Restraining Order.** A proceeding in error for the purpose of reviewing an order discharging a temporary restraining order will be dismissed when the petition in error is not filed with the clerk of the Supreme Court within 30 days after the making of such order.

2. **APPEAL AND ERROR—Perfecting Appeal—Petition in Error—Necessity.** The filing of a purported case-made in the Supreme Court, in the absence of a petition in error, institutes no action therein under section 5266, Rev. Laws 1910.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by C. G. White against W. S. Hooker and another. Judgment for defendants, and plaintiff brings error. Dismissed.

*J. R. League,* for plaintiff in error.

*W. J. Gregg,* for defendants in error.

HARDY, J.   The district court of Tulsa county, on the 26th day of June, 1914, in the case of C. G. White, Plaintiff, v. W. S. Hooker and Bruce Hunt, Defendants, made and entered an interlocutory order, denying an application for a temporary injunction and dissolving a temporary restraining order theretofore issued in said cause

by the county judge of Tulsa county, Okla.; from which interlocutory order, denying the temporary injunction and dissolving the temporary restraining order in said cause, this proceeding is prosecuted.

The record shows that on July 24, 1914, plaintiff in error, C. G. White, filed in the office of the clerk of this court what purported to be a case-made in said proceedings, but there was no petition in error attached thereto. On July 28, 1914, petition in error was filed with the clerk, and attached to said purported case-made, which was 32 days from the date of the order complained of; and defendants in error, W. S. Hooker and Bruce Hunt, move to dismiss the petition in error for the reason that the same was not filed within the time fixed by law. With the motion to dismiss, there is filed in this cause a certificate, under oath, by the clerk of this court, showing the facts as above stated, which facts are also apparent on the face of the petition in error and purported case-made, being shown thereon by the file mark of the clerk. No response to this motion has been filed, although service of same is acknowledged by plaintiff in error.

Section 5266, Rev. Laws 1910, provides that when an order is made, discharging or modifying a temporary injunction, the party who obtained such injunction may have the same reviewed in the Supreme Court upon petition in error by having the court, or judge making said order, to fix the time, not exceeding 30 days therefrom, within which petition in error shall be filed in this court. The order appealed from in this case is the order setting aside the temporary restraining order and denying the application for a temporary injunction, made on the 26th day of June, 1914. The statute provides that an order discharging or modifying an attachment or a temporary injunction may be reviewed. Whether this would be sufficient to include an order dissolving the temporary restraining order

in this case is not necessary to determine, for in either event the petition in error was not filed in this court within the time, and must therefore be dismissed. *Ray v. Wade,* 31 Okla. 616, 122 Pac. 179; *Smith v. Eldred,* 31 Okla. 352, 121 Pac. 195; *Pioneer Tel. & Tel. Co. v. Inc. Town of Chelsea,* 23 Okla. 720, 102 Pac. 83; *First National Bank of Hobart v. Spink,* 21 Okla. 468, 97 Pac. 1019.

The mere fact that a case-made, without a petition in error, was filed within the 30 days would confer no jurisdiction upon this court, for the reason that a petition in error is a necessary requisite to the commencement of the proceedings. *Marvel v. White,* 5 Okla. 739, 50 Pac. 87; *Board of County Com'rs v. Oxley,* 8 Okla. 502, 58 Pac. 651; *McMasters v. English et al.,* 26 Okla. 818, 110 Pac. 1070.

The appeal is dismissed.

All the Justices concur.