## BALES-FULKERSON CO. v. FREEMEN.

No. 6948.    Opinion Filed March 9, 1915.

(146 Pac. 1082.)

APPEAL AND ERROR—Petition in Error—Time for Presenting—Dissolution of Attachment. The time in which petition in error on appeal to Supreme Court from an order dissolving an attachment may be filed is limited to 30 days from the date of the order of dissolution under section 5266, Rev. Laws 1910, and such time cannot be extended by order of the court beyond such 30 days.

(Syllabus by the Court.)

*Error from District Court, Caddo County;*

*J. T. Johnson, Judge.*

Action by the Bales-Fulkerson Company, a copartnership, composed of F. Bales and another, against E. F. Freemen. From an order dissolving attachment, plaintiff brings error. Dismissed.

*Bond, Melton & Melton,* for plaintiff in error.

*A. J. Morris,* for defendant in error.

BROWN, J. Judgment of the district court was entered August 12, 1914, dissolving attachment on a stock of hardware and implements, in which order 30 days' time was allowed in which to file petition in error in this court. On August 15, 1914, the judge attempted to extend said time for a further period of 60 days, which would expire on the 10th day of November, 1914. The petition in error with case-made attached was filed herein on the 5th day of November, 1914, 5 days before the expiration of the time extended. Defendant in error filed motion to dismiss the appeal on the ground that the court had no authority to extend said time in which to file petition in error, and no answer thereto has been filed.

Section 5266, Rev. Laws 1910, which was in force at the time of the filing of this case below, being section 6466, Stat. 1893, provides as follows:

"When an order discharging or modifying an attachment or a temporary injunction shall be made in any case, and the party who obtained such attachment or injunction shall except to such order, for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge, granting said order shall, upon application of the proper party, fix the time, not exceeding thirty days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed; and during such time the execution of

said order shall be suspended, and until a decision of the case upon the petition in error, if same shall be filed. * * * If such petition in error shall not be filed within the time limited, the order of discharge shall become operative and be carried into effect; and the certificate of the clerk of the Supreme Court that such petition in error is not filed, shall be evidence thereof."

Under this statute, the trial court could only grant 30 days' time in which to file petition in error from the date of the judgment, and what it could not do in one order cannot be done in separate orders. The time is limited by statute "not to exceed thirty days," and this limitation cannot be extended by order of the court.

The appeal is therefore dismissed.

All the Justices concur.