**MOORE et al. v. CITY OF PERRY et al.**

No. 15147—Opinion Filed Feb. 3, 1925.

Rehearing Denied March 31, 1925.

**1. Appeal and Error—Time for Proceeding —Dissolution of Temporary Injunction.**

In order to have reviewed in this court the action of the trial court dissolving a temporary injunction it is necessary that such order be superseded and the proceedings lodged in this court within 30 days from the date of such order under Comp. Stat. 1921, sec. 809, and the trial court is without jurisdiction to extend the time beyond that period. Neither can this prohibited extension of time be accomplished indirectly by passing upon motion for new trial after such 30-day period and attempting then to supersede the order of dissolution.

**2. Same—Moot Questions—Dismissal.**

Where pending appeal in the main action the acts sought to be enjoined have become completely performed so that a decision by this court on the merits cannot effectuate any relief or apply any remedy, but will merely decide an abstract and moot legal question, this court will not determine a question so presented, but will dismiss the proceeding.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Noble County; Claude Duval, Judge.

Action by Clara Moore and Barbara Stone, against the City of Perry, its mayor, and city council, for an injunction. Injunction denied, and temporary injunction dissolved. Dismissed.

On September 28, 1923, the above named plaintiffs commenced this action by filing their petition in the district court of Noble county to enjoin the city of Perry, its mayor, and city council from further proceeding in the matter of advertising for bids, letting contract, and constructing paving in a certain paving district in the city of Perry. Other facts necessary to a determination of the questions involved will appear in the opinion. Thereafter, on November 9, 1923, plaintiffs filed their motion for new trial, which was presented and argued January 19, 1924, and thereafter overruled by the court February 4, 1924. February 27, 1924, plaintiffs filed in this court their petition in error with case-made attached to review such action and decision of the trial court. The parties will be hereafter referred to as plaintiffs and defendants, respectively, as they appeared in the trial court.

A. Duff Tillery, for plaintiffs in error.

H. E. St. Clair, G. A. Paul, and A. Gay Gilmer, for defendants in error.

Opinion by LOGSDON, C. At the threshold of this case the court is confronted by the question whether on the merits of the case there is any question remaining for decision other than an abstract and moot question of law disconnected with any relief or remedy. This question is raised by a motion of defendants to dismiss.

This action was commenced solely for injunctive relief. No other judgment was sought than that of a permanent injunction. Upon the filing of plaintiffs' petition, and in the absence of the district judge from the county, the county judge granted a temporary injunction on October 10, 1923. On trial in district court beginning November 5, 1923, a decree was entered denying a permanent injunction, and an order was entered dissolving the temporary injunction theretofore granted by the county judge, to which action exception was reserved. No appeal was prosecuted from this order in the manner and within the time permitted by Comp. Stat. 1921, section 809, which reads:

"When an order, discharging or modifying an attachment or a temporary injunction, shall be made in any case, and the party who obtained such attachment or injunction shall except to such order, for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of the proper party, fix the time, not

exceeding thirty days from the discharge or modification of said attachment or injunction, within which such petition in error shall be filed; and during such time the execution of said order shall be suspended, and, until the decision of the case upon the petition in error, if the same shall be filed; and the undertaking, given upon the allowance of the attachment, shall be and remain in force until the order of discharge shall take effect. If such petition in error shall not be filed within the time limited, the order of discharge shall become operative and be carried into effect; and the certificate of the clerk of the Supreme Court that such petition is or is not filed, shall be evidence thereof."

Motion for new trial was timely filed, duly presented January 19, 1924, and overruled February 4, 1924. Supersedeas bond in the sum of $2,000 was filed and approved, and the petition in error was filed in this court February 27, 1924. As shown by an affidavit of the city clerk incorporated in the motion to dismiss, the paving work sought to be enjoined was completed according to plans and specifications, and was, on June 19, 1924, duly approved and accepted by the mayor and city council.

In its order overruling the motion for new trial the district court attempted to revive and continue in force the temporary injunction granted by the county judge, and which had been dissolved November 6, 1923, without appeal. This part of the order of February 4, 1924, was ineffectual for the reason that the temporary injunction had spent its force at the expiration of 30 days from November 6, 1923, no appeal having been taken. The trial court was without jurisdiction to extend the time beyond that period. Bales-Fulkerson Co. v. Freeman, 45 Okla. 798, 146 Pac. 1082; Kennedy Mercantile Co. v. Dobson et al., 40 Okla. 306, 137 Pac. 147: Reynolds v. Phipps et al., 31 Okla. 788, 123 Pac. 1125. But it is urged by plaintiffs that this order of the district court, notwithstanding its clear language, was not intended to revive the spent order of the county judge, but was an order of the district court itself granting a temporary injunction pending appeal. This contention is untenable for the reason that the district court after trial on the merits had determined that plaintiffs were not entitled to injunctive relief, and on motion for new trial directed to the merits of the case, adhered to its original decision and denied the motion. Since the order attempting to revive the spent order of the county judge was ineffectual, the attempt to supersede the order of dissolution made after the expiration of 30 days is likewise ineffectual.

This leaves for consideration only the proceeding in error on the merits of the case, and since it appears that the acts sought to be enjoined have been completely performed and the paving used by the public for nearly a year, it is apparent that a decision here on the merits would merely determine an abstract and moot question of law wholly disconnected with any relief or remedy. Under such circumstances it is thoroughly well settled by decisions of this court that such questions will not be decided here. Jones v. East, 33 Okla. 604, 127 Pac. 261; McCullough et al. v. Gilcrease, 40 Okla. 741, 141 Pac. 5; Parrish v. School Dist. No. 19, 68 Okla. 42, 171 Pac. 461; George et al. v. Robinson et al., 47 Okla. 623, 149 Pac. 1087; Oklahoma Pet Co. v. Minnehoma Oil Co., 80 Okla. 245, 195 Pac. 759.

For the reasons herein stated, this cause should be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. pp. 1069, 1070; (2) 4 C. J. p. 575.