**EXCHANGE NAT. BANK · OF ARDMORE**
**v. MERRITT et al.**

No. 16150—Opinion Filed April 7, 1925.

(Syllabus.)

**1. Appeal and Error—Case-Made—Limit for Extension of Time.**

An order of the trial court which extends the time in which to serve case-made beyond the time in which' the appeal can be filed in this court is void.

**2. Same — Appeal from Order Dissolving Garnishment.**

Where an appeal is taken from an order dissolving a garnishment, such an appeal, under section 809, Comp. Stat. 1921, must be filed in this court within 30 days from date of the order, and an order of the trial court extending the time 60 days in which to serve case-made is void, and if case-made is not served within 15 days from date of the order, the same is a nullity, unless, within the 15 days, the trial court has made a valid order of extension.

**3. Same—Record Proper—Motions and Orders.**

Motions, evidence thereon, and orders of the court are no part of the record, unless brought up by bill of exceptions or case-made.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action between the Exchange . National Bank of Ardmore and W. A. Merritt and another. From order dissolving garnishment, the bank brings error. Dismissed.

W. G. Davisson and R. L. Disney, for plaintiff in error.

Brown, Brown & Williams, for defendants in error.

PER CURIAM. This is an appeal from an order of the trial court dismissing a garnishment. The order was made dismissing the garnishment on the 16th day of January, 1925, and plaintiff in error gave notice of appeal and the time was extended 60 days in which to serve case-made, and on the 9th day of February, 1925, case-made was served and was settled and signed on the 13th day of February, 1925, and filed in this court on the 14th day of February, 1925. .

On the 7th day of February, 1925, the trial court made an order directing that appeal be filed in this court not later than the 15th day of February, 1925, and modified its former order extending the time in which to serve case-made, so as to extend the time

two days from February 7, 1925, and gave three days in which to suggest amendments, to which defendants in error excepted. On the 11th day of February, 1925, defendants in error appeared before the trial judge at the time the case-made was signed and settled, and objected to settling and signing the same, which objections were overruled, and defendants in error excepted and the trial court also refused to allow the suggested amendments, to which defendants in error excepted.

The objection made to settling and signing case-made was on the ground that notice was given of time and place of signing and settling the same before the time had expired in which to suggest amendments. While the objection does' not go to the decisive question, yet it is sufficient to show the absence of a waiver.

The order of January 16, 1925, extending the time 60 days in which to serve case-made is void, for the reason that it extended the time beyond the time in which the appeal could be filed in this court, as provided by section 809, Comp. Stat. 1921. Bank v. Spink, 21 Okla. 468, 97 Pac. 1019; Smith v. Eldred, 31 Okla. 352, 121 Pac. 195; Moore et al. v. City of Perry et al., 109 Okla. ——, 234 Pac. 625.

The case-made should have been served within 15 days from date of order of January 16, 1925, and, not having been served, was a nullity, and the order of the court of February 7, 1925, attempting to modify its former order is void. The garnishment was dissolved on motion after a number of witnesses had testified in the case, and no judgment was rendered as to the indebtedness. In other words, the question as to whether defendants were indebted to plaintiff in any sum was not passed upon.

The record is also certified as a transcript. The motion, evidence, and order of the court thereon, are not a part of the record, and can only be made so by bill of exceptions or case-made, and the errors assigned in the instant case cannot be considered on a transcript. Laird v. Bannon, 31 Okla. 627, 122 Pac. 180; Tribal Development Co. v. White Bros., 28 Okla. 525. 114 Pac. 736; Blumenfield v. Anthis, 107 Okla. 90, 230 Pac. 228; Alexander v. Jacobs, 101 Okla. 149, 224 Pac. 527.

The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 350 § 1992. (2) 3 C. J. p. 1044 § 1035; 4 C. J. pp. 346, 350 §§ 1986, 1991, 1992. (3) 4 C. J. pp. 121, 124 § 1730.