## DUNLAP v. WESTERN OIL STATION CO. et al.

No. 15885—Opinion Filed Feb. 2. 1926.

### Appeal and Error—Time for Proceeding—Orders Dissolving Injunction.

In an injunction proceeding, where the trial court dissolves a temporary injunction on motion and after a hearing, the perfecting of proceedings in error to this court within 30 days from the rendition of the order is jurisdictional under Comp. Stat. 1921, sec. 809, and the trial court's order purporting to extend the time beyond that period is a nullity.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Homer H. Dunlap against the Western Oil Station Company and John Russell, sheriff, to enjoin the execution of a judgment. From an order dissolving the temporary injunction, plaintiff brings error. Dismissed.

This action was commenced in the district court of Okmulgee county for the purpose of enjoining the execution of a judgment rendered and entered in said court in cause No. 8607, there pending, and to restrain the sheriff from selling certain property levied on pursuant to the judgment in said cause. A temporary injunction was issued January 11, 1924, upon the filing of the amended petition, and the execution of a bond, and the same was set down for hearing. On April 26. 1924, upon said hearing being concluded, the trial court sustained the motion of the defendants to dissolve the temporary injunction, and after unsuccessful motion for new trial, the plaintiff has brought the case to this court by petition in error with case-made attached for review.

Sam Hooker, for plaintiff in error.

John J. Davis, for defendants in error.

Opinion by LOGSDON, C. Order dissolving the temporary injunction in this case was entered by the trial court April 26, 1924, and in the journal entry of said order, there is a further order of the trial court purporting to extend the time for preparing and serving case-made for a period of 90 days from the entry of such order. Thereafter other orders were entered by the trial court further extending the time for making and serving case-made, and the record shows that the case-made was thereafter served October 15, 1924, and that the petition in error was filed in this court October 28, 1924.

Defendants have filed in this court their motion to dismiss this proceeding, for the reason that the proceeding was not lodged in this court within 30 days after the entry of the order to review which this proceeding in error was commenced, as required to, be done by Comp. Stat. 1921, section 809. It appears that on March 17, 1925, this motion of defendants to dismiss was denied by this court by a pro forma order, but at the time of the entry of such order, the cause had not been briefed upon its merits and was not ready for submission. Thereafter the cause was briefed and submitted and in regular order is now ready for disposition.

The motion to dismiss is well taken and must be sustained. Beginning in territorial days the Supreme Court of the territory of Oklahoma and this court as its successor, without a break in the line of authorities, has uniformly held that the requirement of section 809, Id., mandatory, and that a compliance therewith in this character of

proceeding is essential to confer jurisdiction on this court. In the case of Herring et al. v. Wiggins, 7 Okla. 312, 54 Pac. 483, Justice Burford announced the rule which has been uniformly followed since:

"A party who procures a temporary injunction to issue may appeal from an order of the judge made in chambers modifying such temporary injunction, under the provisions of section 4463, St. Okla. 1893; but the petition in error must be filed in the Supreme Court within 30 days from the date of such order, and the **court** or **judge** has no power to extend or enlarge such time."

This holding by Justice Burford has been followed by this court since statehood. First National Bank of Hobart v. Spink, 21 Okla. 468, 97 Pac. 1019; Pioneer Telephone & Telegraph Co. v. Incorporated Town of Chelsea, 23 Okla. 720, 102 Pac. 83; Kennedy Mercantile Co. v. Dobson et al., 40 Okla. 306, 137 Pac. 147; Harn v. Oklahoma City et al., 43 Okla. 501, 148 Pac. 1040; Bayles-Fulkerton Co. v. Freeman, 45 Okla. 798, 146 Pac. 1082: Moore et al. v. City. of Perry et al., 110 Okla. 8, 234 Pac. 625.

For the reason that the case-made in the instant action was not served, nor the petition in error filed in this court within 30 days from the date of entering the order dissolving the temporary injunction herein, and upon the authorities above cited, the motion to dismiss this proceeding must be and is sustained. Proceeding dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 1069 § 1077.