**EGOLF et al. v. RICE et al.**

No. 16437—Opinion Filed May 11, 1926.

1. **Appeal and Error—Time for Appeal—Order Dissolving Garnishment.**

Where an appeal is taken from an order dissolving a garnishment, such an appeal,

under section 809, C. O. S. 1921. must be filed in this court within 30 days from date of order, and this rule applies notwithstanding the order to dissolve is entered upon a verdict of a jury or a judgment of the court after the trial of the garnishment proceedings upon the merits.

2. **Same—Dismissal of Appeal.**

A petition in error, for the purpose of reviewing an order of the district judge dissolving a garnishment, will be dismissed, where it is filed with the clerk of the Supreme Court more than 30 days after the making of such order.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by W. D. Egolf and George H. Lowerre. Jr.. against the St. Louis Smelting & Refining Company, Dick Rice, trustee, and M. R. Tidwell, garnishees. Judgment for defendants, and plaintiffs appeal. Dismissed.

E. C. Fitzgerald, and Linebaugh, Pinson & Fite, for plaintiffs in error.

L. A. Wetzel, for defendants in error.

Opinion by WILLIAMS, C. This is an appeal from an order or judgment of the trial court dissolving a writ of garnishment. Issue was joined upon the truthfulness of the answer of the garnishee. A jury was waived and the issues were submitted to the court, who after hearing the evidence entered judgment on the 8th day of September, 1924, dissolving said writ of garnishment, and the petition in err r was not filed in this court until the 22nd day of May, 1925.

In the case of Exchange Nat. Bank of Ardmore v. Merritt et al., 108 Okla. 184, 235 Pac. 180, in the second paragraph of the syllabus, it is held:

"Where an appeal is taken fr m an order dissolving a garnishment, such an appeal, under section 809, C. O. S. 1921, must be filed in this court within 30 days from date of the order, and an order of the trial c urt extending the time 60 days in which to serve case-made is void. and if case-made is not served within 15 days from date f the order, the same is a nullity. unless, within the 15 days, the trial court has made a valid order of extension."

And in the body f the opinion said:

"The order of January 16, 1925. extending the time 60 days in which to serve case-made is void for the reason that it extended the time beyond the time in which the appeal could be filed in this court, as provid-

ed by section 809, Comp. Stat. 1921. Bank v. Spink. 21 Okla. 468, 97 Pac. 1019; Smith v. Eldred, 31 Okla. 352. 121 Pac. 195; Moore et al. v. City of Perry et al., 110 Okla. 8, 234 Pac. 625."

In the case of Berry-Beall Dry Goods Co. v. Adams, 87 Okla. 291, 211 Pac. 79, it is held in the third paragraph of the syllabus:

"A garnishment proceeding under the statutes of Oklahoma is so effectually an attachment that it is included within the term 'attachment.' An order made by the trial court discharging a garnishee is an order discharging an attachment under said section 5266. supra. and an appeal therefrom must be lodged in the Supreme Court within 30 days from the making thereof, in order to confer jurisdiction upon this court to hear and determine the same."

And in the case of First National Bank in Oklahoma City v. Ada Music Co. et al., 89 Okla. 29, 213 Pac. 732. the court said :

"This is an appeal from an order of the lower court dissolving a garnishment. The garnishment was dissolved on the 17th day of July, 1922, and the appeal was filed in this court on the 22nd day of August. 1922. The appeal not having been filed within 30 days, as provided by section 809. Comp. Stat., same is dismissed. Bank v. Spink, 21 Okla. 468. 97 Pac. 1019."

In the case of Smith v. Eldred et al.. 31 Okla. 352, 121 Pac. 195, in the syllabus it is held:

"When an order discharging or dissolving a garnishment is made (section 4759, Wilson's Rev. & Ann. St 1903), the party who obtained such garnishment having excepted to such order for the purpose of having the same reviewed in the Supreme Court upon petition in error. the court or judge granting said order shall, upon application of the proper party, fix the time, not exceeding 39 days from the discharge or dissolution of said garnishment, within which such petition in error shall be filed with the clerk of the Supreme Court; and this rule applies, notwithstanding the order to dissolve is entered upon a verdict of a jury after the trial of the garnishment proceedings was had upon its merits."

The above case is identical with the instant case, except a jury was waived by the parties in the case at bar and the issues submitted to the court.

The statute applies as well to proceedings in garnishment as in attachment. Berry-Beall Dry Goods Co. v. Adams, 87 Okla. 291. 211 Pac. 79.

The petition in error not having been filed in this court within 30 days from the granting of the order dissolving the writ of garnishment, the motion to dismiss the appeal is sustained. and the appeal dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1040 § 1032. (2) 3 C. J. p. 1067 § 1074; 4 C. J. p. 566 § 2380.