## PHILLIPS v. BUTTON et al.

No 18401　Opinion Filed Aug. 2, 1927.

(Syllabus.)

**1. Appeal and Error—Time for Appeal from Order Discharging Garnishment.**

Where an appeal is taken from an order discharging garnishment, such an appeal, under section 809, C. O. S. 1921, must be filed in this court within 30 days from the date of such order.

**2. Same—Dismissal of Appeal Filed out of Time.**

A petition in error for the purpose of reviewing an order of the district court discharging a garnishment will be dismissed where it is filed with the clerk of the Supreme Court more than 30 days after the making of such order.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action between T. E. Phillips, sole trader by the name and style of Phillips Oil & Gas Company, and F. G. Button and Ellis Button, partners of the trade name of F. G. Button & Son. From the order of the trial court discharging a garnishee in garnishment proceedings, Phillips appeals. Dismissed.

A. P. Carr, for plaintiff in error.

H. P White, Hamilton. Gross & Howard, and A. B. Campbell, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Osage county, discharging the city of Pawhuska in garnishment proceedings and fully discharging it from garnishment in the cause before the court.

The order of the trial court from which this appeal is taken was made on the 11th day of February, 1927; the appeal was lodged in this court on the 4th day of June, 1927, more than 30 days after the order appealed from was made by the trial court. Section 809, C. O. S. 1921, provides that:

"When an order discharging or modifying an attachment * * * shall be made in any case and the party who obtained such attachment * * * shall except to such order for the purpose of having the same reviewed in the Supreme Court upon petition in error, the court or judge granting said order shall, upon application of proper party, fix the time not exceeding 30 days from the discharge or modification of said attachment * * * within which such petition in error shall be filed. * * * If such petition in error shall not be filed within the time limited, the order of discharge shall become operative and be carried into effect.* * * "

In the case of Berry-Beall Dry Goods Co. v. Adams, 87 Okla. 291, 211 Pac. 79, the court said:

"A garnishment proceeding under the statutes of Oklahoma is so effectually an attachment that it is included within the term attachment. An order made by the trial court discharging a garnishee is an order discharging an attachment under said section 5266 (809, C. O. S. 1921); supra, and an appeal therefrom must be lodged in the Supreme Court within 30 days from the making thereof, in order to confer jurisdiction upon this court to hear and determine the same."

In the case of Egolf et al. v. Rice et al., 117 Okla. 284, 246 Pac. 858, this court held:

"A petition in error, for the purpose of reviewing an order of the district judge dissolving a garnishment, will be dismissed, where it is filed with the clerk of the Supreme Court more than 30 days after the making of such order."

The appeal from said order discharging the garnishment not having been filed in this court within the 30 day's time allowed by law for the taking of such an appeal, this court is without jurisdiction to review the same, and the appeal is hereby dismissed.

Note.—See under (1) 3 C. J. p. 1057, §1054. (2) 4 C. J. p. 566, §2380; 2 R. C. L. p. 104: 1 R. C. L. Supp. p. 398; 4 R. C. L. Supp. p. 81: 5 R. C. L. Supp. p. 67.