## SAXON, Gdn., et al. v. GREEN et al.

No. 19079. Opinion Filed May 15, 1928.

(Syllabus.)

1. Appeal and Error—Order Extending Time for Case-Made Beyond Six Months Void.

An order of the trial court extending the time in which a case-made may be made, settled, and signed beyond the six months in which an appeal may be lodged in this court is void.

2. Same—Lack of Jurisdiction to Modify Void Order.

The trial court is without jurisdiction to modify or change a void order extending the time in which to make, serve, and settle a case-made after the expiration of the time allowed by law or by former valid order extending the time.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action between J. W. Saxon, guardian of estate of Myrtle O. Coon, incompetent, and Benjamin F. Coon, and J. D. Green and others. From the judgment in favor of the latter, the former bring error. Dismissed.

A. M. Baldwin, for plaintiffs in error.

Park Wyatt, A. D. Cochran, and Goode & Dierker, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of Pottawatomie county rendered on the 9th day of June, 1927, and from the order of the trial court overruling the motion for new trial on the 14th day of July, 1927.

The defendants in error have filed in this court their motion to dismiss the appeal and present as grounds therefor that the appeal is by petition in error with case-made attached and that the case-made was not served upon the defendants in error within the time allowed by law or by any valid order of the trial court. An examination of the record filed in this cause under the grounds for dismissal as above stated discloses that the motion for new trial was overruled on July 14, 1927, and the plaintiff was given 60 days from that time in which to make and serve case-made. The defendants were given 10 days thereafter to suggest amendments, the same to be settled upon five days' notice. This order extended the time in which to serve case-made to and including September 12, 1927. On September 6, 1927, an order was made by the trial court extending the time 60 days in addition to the time theretofore allowed in which to prepare and serve case-made, and which time expired on November 11, 1927. On October 22, 1927, the court made an order extending the time in which to make and serve case-made 60 days in addition to the time theretofore allowed, and in which order the defendants were given 10 days to suggest amendments, and the case-

made to be settled upon five days' notice. The time in which to make and serve case-made under this order expired January 10, 1928, and the 10 days' additional time in which to suggest amendments did not expire until January 20, 1928, six days after the time in which to lodge the appeal in this court would expire on the 14th day of January, 1928.

It is contended that the order of the trial court on October 27, 1927, which extended the time in which the case-made could be settled beyond the time in which the appeal could be lodged in this court, is void. In the case of State Exchange Bank v. National Bank of Commerce of St. Louis, 70 Okla. 220, 169 Pac. 482, the court laid down the following rule:

"An order made by the trial court extending the time for making, serving, and settling a case-made beyond the period of six months within which an appeal may be had is a nullity, but does not operate to prevent the subsequent making of a valid order of extension. The trial court may, afterwards and before the expiration of an extension theretofore properly allowed, extend and limit such time to a date within the six months allowed for appeal."

This court has in a number of cases held that the time allowed by the trial court for the suggestion of amendments to a case-made commences to run, not from the time of the service of case-made, but from the expiration of period of extension of time in which to serve case-made. See Brockhouse v. Aetna Building & Loan Ass'n, 79 Okla. 270, 192 Pac. 1094. Applying this rule to the order of October 22nd, it will be observed that the case-made could not be settled and signed until after January 20, 1928, which would be more than six days after the six months provided by law in which to file an appeal in this court; therefore the order of October 22, 1927, is void and had no more force and effect than if the order had not been made.

It is contended by the plaintiff in error that the court having made an order on the 14th day of December, 1927, modifying the order of October 22, 1927, and allowing 53 days' additional time from and after the time theretofore allowed and extended by order of the court on the 6th day of September, 1927, in which to make and serve case-made, this operated to cure any defects appearing upon the face of the record in respect to extensions of time to serve case-made, and that the case-made was duly served within the time fixed by said order. This court has in a number of cases held

that the trial court is without jurisdiction to make an order extending the time in which to make and serve case-made where the time allowed in previous orders had expired. See Exchange National Bank of Ardmore v. Merritt, 108 Okla. 184, 235 Pac. 180; Tanner v. Crawford, 80 Okla. 183, 195 Pac. 138; Petty v. Foster, 122 Okla. 153, 252 Pac. 836.

The order of October 22, 1927, being void and the time for serving case-made by previous orders having expired on the 11th day of November, 1927, the court was without jurisdiction to make the order of December 14, 1927. Exchange National Bank of Ardmore v. Merritt, supra. The case-made filed in this court was served on the defendants in error on the 28th day of December, 1927, and not within the life of any valid order of the court in which to serve the same, and under these conditions the case-made as filed in this court is a nullity and brings nothing before this court for review, and the appeal is dismissed.

Note.—See under (1) 4 C. J. p. 350, §1992.