### JONES v. WELBORN et al.

No. 27493.   Sept. 21, 1937.

Bullard & Keahey, for plaintiff in error.

Robert Burns and A. R. Thompson, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. Plaintiff filed an action for rent and issued an attachment, which was dissolved by the court on the 4th day of September, 1936. Plaintiff filed a motion to vacate the order dissolving the attachment, which was heard by the trial court and overruled on October 5, 1936. The appeal is from the order refusing to vacate the order dissolving the attachment, and is by transcript. A motion to dismiss has been filed assigning therefor as reason that no notice of intention to appeal was given, and that no exceptions were taken to the order of the court entered at the time of the rendition of the order and judgment overruling the motion to vacate the order dissolving attachment. The order failed to recite the giving of such notice.

We are of the opinion that subsequent proceedings of the trial court in entering a nunc pro tunc order reciting the giving of such notice would cure these omissions from the order and judgment for the reason that it is not necessary that the journal entry contain a recital of the notice of intention to appeal, but the same is made a part of the record where the notice is given in open court by the entry of the notice upon the trial docket of the court. Callander v. Hopkins, 97 Okla. 41, 222 P. 672.

However, we have held that this court may inquire into its own jurisdiction where a motion to dismiss has been filed and where it appears that the court is without jurisdiction will dismiss the appeal.

Motions presented in the trial court, the rulings thereon, and exceptions are not properly part of the record, and can only be preserved for review on appeal by incorporating the same into a bill of exceptions or case-made. Menten v. Shuttee, 11 Okla. 381, 67 P. 478. The motion to vacate the order dissolving the attachment and the rulings thereon are not a part of the record under the numerous holdings of this court. Lamb v. Young, 24 Okla. 614, 104 P. 335; Whitaker v. Chesnut, 65 Okla. 122, 165 P. 160.

We are further of the opinion, and hold, that this order is not an appealable order under the statutes of our state. Section 528, O. S. 1931, denominates what orders may

be brought to this court prior to a final determination and trial of the cause. An appeal from an order dissolving an attachment may be taken within 30 days from the date of the rendition of the order. There is no appeal from an order refusing to dissolve an attachment prior to final order of the trial court. Hodges v. Haller Proprietary Co., 96 Okla. 169, 220 P. 469; Garretson v. Meeker, 76 Okla. 316, 185 P. 446. Where an appeal is not taken within 30 days from an order dissolving attachment, this court will dismiss the appeal as without jurisdiction. Dunlap v. Western Oil Station, 116 Okla. 165, 243 P. 737; First National Bank v. Spink, 21 Okla. 468, 97 P. 1019. Under section 528, supra, the order entered refusing to vacate the order dissolving the attachment is not an appealable order, and since the appeal is not taken from the order dissolving the attachment within 30 days, the appeal must be dismissed.

Appeal dismissed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.