AGRICULTURAL INSURANCE COMPANY,
Plaintiff in Error,.

v.

Dorothy KOUBA, Defendant in Error.
No. 36770.

Supreme Court of Oklahoma.
Feb. 28, 1956.

Trower, Ferguson & Gaither, C. A. Back, Jr., Tulsa, for plaintiff in error.

Dyer & Powers, Deryl L. Gotcher, Tulsa, for defendant in error.

BLACKBIRD, Justice.

On the 1st day of February, 1954, Dorothy Kouba, hereinafter called plaintiff, filed an action against J. R. Linsky Company, Inc., a corporation. On the 29th day of March, 1954, plaintiff obtained a judgment for $450 against said defendant for the loss of a fur coat deposited with defendant for storage. Thereafter, a summons in garnishment was issued to the Agricultural Insurance Company as garnishee and another garnishee unnecessary to name in this proceeding. On June 9, 1954, said garnishee appeared specially and filed a motion to quash the return or order in garnishment. On June 25, 1954, the motion to quash was overruled and exceptions were saved to the action of the court thereon. On June 17, 1954, the Agricultural Insurance Company, as garnishee, filed its answer.

Issues having been joined upon the answers of both garnishees, the case went to trial, after which the court entered judgment for plaintiff against the other garnishee and dissolved the garnishment proceedings against the Agricultural Insurance Company. Thereafter, the court sustained motions for a new trial filed by both the plaintiff and Agricultural Insurance Company; and, at the new trial, judgment was entered against the Agricultural Insurance Company, which perfected this appeal therefrom.

It is first argued that the court erred in refusing to quash the return or order served upon the garnishee. This order is as follows:

"The State of Oklahoma

"To Agricultural Insurance Company, Garnishee:

"Whereas, the above named Dorothy Kouba judgment creditor has filed herein her affidavit alleging that she has good reasons to believe and does believe that you have in your possession, or control, property of, or are indebted to J. R. Linsky Co., Inc., a corporation, the judgment debtor above named. Now, therefore, you are hereby ordered to appear in person before the undersigned Judge of the Court of Common Pleas at the Court House in Tulsa in said County, on the 28th day of May, 1954, at 9:30 o'c-ock A.M. then and where to answer such questions as may be put to you by such judgment creditor touching such indebtedness or property.

"Plaintiff seeks to recover but 25%. percent of current wages. Witness my hand this 23rd day of April, 1954.

"(Seal)     Lewis C. Johnson, Judge.
        "Court of Common Pleas."

It is clear that plaintiff proceeded under 12 O.S.1951 § 847, which is as follows:

"After the issuing or return of an execution against property of a judgment debtor, or of any one of several debtors in the same judgment, where it is made to appear by affidavit, or otherwise, to the satisfaction of the judge,

that there is reason to believe that any person or corporation has property of such judgment debtor, or is indebted to him, the judge may, by an order require such person or corporation, or any officer or member thereof, to appear at a specified time and place within the county in which such person or corporation may be served with the order to answer, and answer the same. The judge may, also, in his discretion, require notice of such proceeding to be given to any party in the action, in such manner as may seem to him proper."

■ The garnishee asserts that under this section it cannot be served by delivery of a copy of the summons to the State Insurance Commissioner, and thus be required to appear in Tulsa County. With this contention we cannot agree. This section provides that service of the order may be made and the garnishee required to answer in the county where the garnishee may be served. Garnishee is a foreign insurance corporation complying with the laws relative to the filing with the State Insurance Commissioner of an application to do business within this State. Service may be made on the State Insurance Commissioner. 36 O.S.1951 § 101a. Service may also be had under certain conditions upon any agent in the county where said insurance company is doing business or maintains an agent. Kelley v. Travelers Indemnity Co., 199 Okl. 151, 184 P.2d 759. There was therefore, a compliance with the provisions of 12 O.S.1951 § 847, and the garnishee was required to appear and answer under the order in Tulsa County.

■ It is next argued that since, in the original judgment, the garnishee was released, and said garnishment proceeding dissolved, it was the duty of plaintiff to appeal from the order dissolving the garnishment within 30 days and that thereafter the trial court was without jurisdiction of the garnishee and its subsequent judgment against it was therefore void. We do not agree. We do not consider it necessary to determine the method of appeal from an order dissolving garnishment; but see, Egolf v. Rice, 117 Okl. 284, 246 P. 858, and

Ousborn v. Pepsi-Cola Bottling Co., 191 Okl. 226, 127 P.2d 854. It is sufficient to point out that the trial court's sustaining of the hereinbefore mentioned motions for a new trial, subsequent to entry of its first garnishment judgment, operated to set aside said judgment, and there *then* existed no adverse judgment from which either of the parties to the present appeal could, at that time, have perfected an appeal. Therefore, the argument that the court was without jurisdiction to enter its last of said judgments, because no appeal had been taken from its first one dissolving the garnishment, is without merit.

In propositions three to seven, garnishee argues that the original judgment in the proceeding by plaintiff against J. R. Linsky Company was invalid and obtained by collusion and not collectible from the garnishee; that if said judgment was a valid judgment obtained in good faith, garnishee was not bound because it was for an action in tort not occurring within the effective date of the policy; that the court erred in finding that the garnishee waived proof of loss; that no notice of suit by the plaintiff against the original defendant was given to said garnishee; that the insurance policy issued to J. R. Linsky Company constituted a contract of indemnity, and that no action in garnishment would lie until the liability had been paid and discharged by J. R. Linsky Company.

The answer in garnishment is as follows:

"Comes now Agricultural Insurance Company, a corporation, and for its answer to the garnishment herein, denies each, all and every material allegation therein contained.

"Said Garnishee denies that it is indebted to J. R. Linsky, Co., Inc., a corporation, defendant herein, and denies that the loss or claim upon which plaintiff's judgment herein is based, occurred during the effective period of a policy of insurance issued by this garnishee and within the terms and provisions thereof.

"Wherefore, Agricultural Insurance Company, Garnishee prays that plaintiff take nothing from it by this gar-

nishment and that it have judgment for its costs herein expended."

Under this answer, none of the issues presented by the last numbered propositions were presented to the trial court. In a discussion of the matters to be presented to the court after the vacation of the original judgment, and at the trial prior to the final judgment, it was stipulated and agreed that the only question was whether or not the insurance contract executed by the garnishee and the defendant, or the contract executed by the defendant and the other garnishee, was in force and effect at the date the loss was sustained; and it was agreed that if the loss was sustained prior to July 9, 1953 the loss was within the effective date of the policy issued by the garnishee.

In spite of the fact that the issue was not presented in the answer of the garnishee, the court allowed the garnishee to submit the question of failure of proof of loss. The only witness called for this purpose was a witness offered by the plaintiff. The evidence clearly sustains the finding of the trial court that, if it was ever the duty of the plaintiff to submit proof of loss, the garnishee waived such proof of loss.

The remaining four propositions must be disposed of under the rule announced in Security National Bank of Tulsa v. Cain, 126 Okl. 202, 259 P. 572, and Griswold v. Public Service Co. of Oklahoma, 205 Okl. 412, 238 P.2d 322. In Security National Bank of Tulsa v. Cain, supra, it is stated:

"Where a cause has been submitted to the trial court upon a particular theory, and from the judgment rendered appeal prosecuted to the Supreme Court, neither party will be allowed to change the theory of his case and present it here on a different theory than the theory upon which it was presented to the trial court."

Finally, in proposition eight, it is argued that the evidence is insufficient to establish that the loss was sustained within the terms of the policy issued by the garnishee to the J. R. Linsky Company, Inc. The evi-dence substantially establishes that the loss of the coat occurred on or about June 8, 1953. Under the answer filed by the garnishee, and the subsequent proceedings on the trial, this was the sole issue presented. The court's finding that the loss occurred during the terms of the policy issued by garnishee to J. R. Linsky Company, Inc., is sustained by the evidence.

There was no error in entering judgment in favor of plaintiff against the garnishee.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON and HUNT, JJ., concur.

JACKSON, J., concurs in result.